Filed 3/16/15  P. v. Clay CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B255384 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA075790) |
| v. | |
| ROY DYCRUS CLAY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Elden Fox, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, James William Bilderback II and Marc A. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Two years after being sentenced as a second strike offender in accordance with the trial court's indicated sentence following an open plea of guilty to charges that included two prior strikes, Roy Dycrus Clay filed a postjudgment motion challenging his sentence as unauthorized and seeking a reduction in the prison term imposed because the trial court dismissed the wrong prior strike conviction. The trial court denied the motion. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2010 Clay was charged in an amended felony complaint with one count of automobile burglary and two counts of grand theft of personal property with special allegations he had suffered two prior serious or violent felony convictions (burglary in 1977 and robbery in 1981) within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)) and had served 12 separate prison terms for felonies (Pen. Code, § 667.5, subd. (b)). Clay pleaded not guilty and denied the special allegations.

In 2011, following a discussion off the record among the court, the prosecutor and defense counsel, Clay waived his rights to a preliminary hearing and to a jury trial, entered an open plea of guilty to the charges and admitted all the alleged prior felony convictions. It appears from the plea hearing transcript that, after the prosecutor indicated she would not object if Clay admitted only one of the prior strike convictions, the court suggested Clay admit the 1977 burglary conviction as a prior strike conviction. Clay then admitted the burglary conviction as a prior strike and the 1981 robbery conviction solely as a Penal Code section 667.5, subdivision (b), prior prison term enhancement. Before entering his plea, Clay was advised by the trial court that he faced a potential state prison sentence of 87 years to life, but the court was considering imposing a suspended state prison sentence and formal probation, so long as Clay made all of his court appearances and no new charges were filed against him during the pendency of this case.

The sentencing hearing was continued several times. By the time the hearing occurred on May 4, 2012, Clay had been convicted and sentenced in another case to a

2

four-year state prison term. At the hearing the court confirmed that, before Clay had been convicted and sentenced in the new case, it had intended to sentence Clay to an aggregate state prison term of nine years eight months as a second strike offender, suspend execution of sentence and place him on five years of formal probation on condition he serve one year in county jail. However, because of Clay's new conviction, the court now intended to impose the state prison sentence. The prosecutor agreed to the court granting Clay's motion to dismiss the 1977 burglary as a prior strike conviction (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*); Pen. Code, § 1385), but not the 1981 robbery, apparently believing Clay had admitted both convictions as prior strikes. The court then sentenced Clay as a second strike offender to an aggregate state prison term of nine years eight months for automobile burglary (count 1) and grand theft of personal property (count 3) to be served concurrently with the four year sentence imposed in the other case. The court stayed sentencing for grand theft of personal property (count 2) pursuant to Penal Code section 654 and dismissed the remaining prior prison term enhancements.

Following a recess, the trial court and counsel discussed the possibility the 1981 robbery conviction may have been reversed on appeal. The court did not modify the sentence, explaining, even if true, Clay would have been sentenced as a second strike offender based on the 1977 burglary conviction. The court awarded Clay 166 days of presentence custody credit, ordered him to pay restitution to each of the victims, imposed a $2,160 victim restitution fine, imposed and stayed a parole revocation fine and imposed other mandatory fines, fees and assessments. Clay did not appeal from the judgment or move to withdraw his plea.

On February 28, 2014 Clay, representing himself, filed a motion to correct an unauthorized sentence and for other relief. The trial court found Clay had failed to show good cause and denied the motion.

After Clay appealed from this postjudgment order, his appointed counsel filed an opening brief in which no issues were raised. (See *People v. Wende* (1979) 25 Cal.3d 436, 441.) In response to a notice from this court advising Clay he could personally

3

submit any contentions or issues he wanted us to consider, Clay submitted a supplemental brief, contending, among other issues, his sentence as a second strike offender was unauthorized because he never admitted the 1981 robbery conviction as a prior strike and his 1977 burglary conviction was dismissed. We then requested that the parties submit supplemental briefing on whether the trial court committed prejudicial error in sentencing Clay as a second strike offender based on the 1981 robbery conviction.

## DISCUSSION

Knowing he faced a potential maximum sentence of 87 years to life, Clay entered an open plea to the court. The plea hearing transcript reflects that Clay admitted both the 1977 burglary and the 1981 robbery convictions and was prepared to admit both convictions as prior strikes. However, the prosecutor indicated she would not object if Clay admitted only one of the prior strike convictions. At the court's suggestion, Clay admitted the 1977 burglary conviction as a prior strike conviction, not the 1981 robbery conviction.

The sentencing hearing did not occur until 10 months after Clay had entered his plea. According to the transcript of the hearing, there was no defense objection to the court's indicated sentence of nine years eight months. Nor was there a defense objection when the court granted Clay's *Romero* motion as to the 1977 burglary conviction and then mistakenly sentenced Clay as a second strike offender based on the 1981 robbery conviction. In light of the court's comments that Clay would have been sentenced as a second strike offender based on either prior strike conviction, it is clear the court would have corrected this technical error had it been made aware of it and imposed the indicated nine year eight month sentence using the 1977 burglary conviction. Indeed, the trial court could have reached substantially the same sentence by aggregating Clay's numerous Penal Code section 667.5, subdivision (b), enhancements without a prior strike conviction at all.

Under these unusual circumstances there was no prejudicial error in sentencing Clay as a second strike offender. Clay received the full benefit of the informal sentencing discussions that occurred with the court before entering his plea and is not entitled,

4

through his belated identification of a technical mistake, to attempt to "better the bargain through the appellate process."  (*People v. Hester* (2000) 22 Cal.4th 290, 295.)

## DISPOSITION

The order is affirmed.


                                        PERLUSS, P. J.


We concur:


        ZELON, J.


        FEUER, J.[*]

---

[*]      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.